WR-85,162-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/16/2016 1:30:23 PM
Accepted 6/16/2016 1:41:40 PM
ABEL ACOSTA
CLERK

STRITZINGER v WRIGHT                                    IN THE CRIMINAL COURT OF APPEALS

AUSTIN, TEXAS

WR-85,162-01

RECEIVED
COURT OF CRIMINAL APPEALS
6/16/2016
ABEL ACOSTA, CLERK

## NOTICE OF STANDARDS OF WRITS OF ERROR (CORAM VOBIS AND CORAM NOBIS)

Petitioner offers the previous research done by the 10th Circuit, and the State of South Carolina on issues not on the merits but on form. The Former includes a significant history of the standard, and the latter discusses a State context.

The issue I need the court to clarify if the Appellate Court's have to correct their own order if they had previously performed a DeNovo review. In this case the Chief Judge of Travis County would not accept Petitions for Writ of Error in the Trial Court under the same cause number. Petitioner notes this is not consistent with what the State of South Carolina has recently decided.

Petitioner notes however that TRAP29.5 seems to apply a change in Control of the Orders when they reach the Appellate level. I believe this means that the Third Court has control of 03-10-455-CV, and by extension all related causes which have anything to do with the facts. In this case, the facts have expanded into Federal Jurisdiction, and I believe the court therefore needs to discuss whether it should transfer the Cause to Mr. Stewart's Jurisdiction in the Fifth Circuit. (See 11-90009, and 13-50730) or to complete the cause on its own.

Petitioner requested the Supreme Court Clarify its own Mandate issued in Forrest Grove School District v TA(2009) and whether it applies to Private Schools as well as Public Schools. I believe this would simply require the court to consolidate my case, and enter a single line in addition to the previous opinion of the court which was already argued. The Issue is Mr. Stephens is no longer the chief Justice, and I was told that the Honorable Mr. Scalia who wrote the desenting opinion in Forrest Grove wished to re-argue our case when it reached the high court. I believe an Motion to Clarify is not an extraordinary event, but the Clerk of the court did not agree. I asked him to ask the Justices to review my motion on its face and they did not do so. I also wrote to each Justice personally and did not get a response. The clerk off the record told me however that he strongly recommended I get an opinion as required under US Code as they wanted a healthy debate. I do not concur. I believe on a Motion to Clarify which in Texas is an enforcement Action would require the previous parties to be re-served including previous counsel which would effectively make sure a debate would in fact occur. It would however require the Supreme Court on its own Motion to issue its own Summons which is a pretty unique event.

The issue in this cause is that a Texas Associate Judge initially, and then seconded by the 345th District Court without a Formal Trial and only a hearing (signed a formal Order of Amendment to the original order entered at Trial which concluded in September of 2009. I believe the period of review from 2009 to March of 2010 was never tried including all the work that Judge Hathcock completed. The Third Court of Appeals did not concur, which I believe is a reversible error. Although Mr. Richardson entitled his draft order "Addendum to Final Order" it was in fact a new proceeding altogether, as Judge Yelenosky

ordered the Trial Closed on 9/4/2009. (See Page 12 of Supplemental Hearing). Judge Hathcock's order was not included by the court's own ruling. The 345th District Court sought to change this in January of 20th of 2011 which was in error. (See Exhibit A). There were no trials on these issues. I also advise the court that since this time, I have shown that HMS testimony was coerced and I believe that Judge Davis or Judge Yelenosky who are not criminal court judges signed a surveillance order against my home which is illegal under Texas Code. After receiving such an Order Petitioner believes the Mr. Richardson installed video camera systems in the interior and exterior of the property including all the activities of HMS are on tape in his possession. Petitioner is seeking a specific discovery order against Mr. Richardson for the same and for the opportunity to copy all of the original transcripts in his possession for at least three Trials with Judge Dietz which are partially on the record, but which the court reporter for the 250th DC said she did not maintain the record in her possession. (This impacts the 2005, 2006, and 2007 Final Orders) where Mr. Richardson maintains the only record. I do have some of the exhibits which were admitted which are in Travis County's property rooms and are off-site. The Reporter's record is in fact in only one place.

Signed This Day,

John S. Stritzinger /S

2187 Kaylee
The Villages, FL 32162
803.728.9238